UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FA TING WANG, on behalf of himself and
others similarly situated

                Plaintiff,

      *-against-*

EMPIRE STATE AUTO CORP., EMPIRE
GROUP I, INC., CHOONG SUB PARK,
GYOUNG SOK PARK, YOON KUK
PARK a/k/a JOHN PARK, TONY HAO,
and "LULU" DOE,

                Defendants.
----------------------------------------------------------------X

**ORDER**
14-cv-1491 (WFK) (VMS)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Plaintiff Fa Ting Wang ("Plaintiff") brought this action on behalf of himself and others similarly situated alleging Defendants Empire State Auto Corp., Empire Group I, Inc., Choong Sub Park, Gyoung Sok Park, Yoon Kuk Park a/k/a John Park, Tony Hao, and Lulu Doe (collectively, "Defendants") violated the Fair Labor Standards Act of 1938 ("FLSA") and New York Labor Law. Dkt. 1 ("Compl."). On October 10, 2014, Plaintiff filed a motion for conditional certification of a collective action. Dkt. 16 ("Motion to Certify").

On June 29, 2015, Magistrate Judge Vera M. Scanlon filed a Report and Recommendation ("Report and Recommendation") recommending Plaintiff's motion be granted in part and denied in part, and that Plaintiff be permitted to circulate the revised Notice of Lawsuit and Consent to Join form as modified pursuant to the Report and Recommendation. Dkt. 23 ("R&R") at 1-2. In sum, the Report and Recommendation concluded the following:

(1) conditional certification be granted only as to non-managerial drivers who were not paid premium overtime rates, and conditional certification as to all other employees of Defendants be denied;
(2) the opt-in period be set at sixty days;
(3) Plaintiff's motion for equitable tolling during the opt-in period be denied at this time;
(4) the statute of limitations be equitably tolled for the time period between the filing of the present motion and the entry of an Order on that motion;
(5) Defendants be required to produce to Plaintiff, within thirty days of the District Judge's decision on this motion, in Microsoft Word or Excel format (as available to Defendants), the last-known mailing address, telephone numbers, email addresses, work locations, and dates of employment for each individual employed by Defendants as a non-managerial driver during the period of March 6, 2011 to the entry of an Order on the present motion;
(6) Plaintiff's request for discovery of Social Security numbers be denied at this time;
(7) Plaintiff be permitted to mail to all non-managerial drivers employed by Defendants during the period of March 6, 2011 to the entry of an Order on the present motion, the Notice of Pendency and Consent to Join form attached as Appendices A and B to this Report and Recommendation;
(8) Plaintiff be required to file, within thirty days of the entry of an Order on the present motion, affidavits from Plaintiff's translators attesting to the accuracy of their translations of the Notice of Pendency and Consent to Join forms from English to Chinese, Korean and Spanish; and
(9) Defendants be required to post in a reasonable location at each of Defendants' worksites for drivers, one copy of the Notice of Pendency and Consent to Join form in English, Chinese, Korean and Spanish.

*Id.* at 33-34. Objections to the Report and Recommendation were required to be within fourteen days of the Report and Recommendation. *Id.* at 34; Fed. R. Civ. P. 72(b)(2). No objections were filed.

**DISCUSSION**

In reviewing a Report and Recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When no objections have been filed, a district court reviews a Report and Recommendation for clear error. *See Zeitone v. Korsinsky & Klein, LLP*, 13-CV-0383, 2013 WL 5937397, at *1 (E.D.N.Y. Nov. 4, 2013) (Kuntz, J.) (citing *Reyes v. Mantello*, 00-CV-8936, 2003

WL 76997, at *1 (S.D.N.Y. Jan. 9, 2003) (Cote, J.)); *Covey v. Simonton,* 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007) (Garaufis, J.).

No party has filed objections to the Report and Recommendation in this action. The Court finds that there was no clear error in the Report and Recommendation's determination that Plaintiff's motion for conditional certification of a collective action be granted in part and denied in part, and Plaintiff be permitted to circulate the revised Notice of Lawsuit and Consent to Join form attached to the Report and Recommendation as Appendices A and B. The Court therefore adopts Magistrate Judge Scanlon's Report and Recommendation in its entirety.

**SO ORDERED.**

s/WFK

_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: July 29, 2015
       Brooklyn, New York